```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SALEENA KOROTKI, | Civil Action No. 20-11050 |
| Plaintiff, | **OPINION** |
| v. | |
| COOPER LEVENSON, et al., | |
| Defendants. | |

**APPEARANCES**:

GARY PAUL LIGHTMAN
LIGHTMAN & MANOCHI
4 ECHELON PLAZA
201 LAUREL ROAD
VOORHEES, NJ 08043

    *Counsel for Plaintiff*

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOOGIN, PC
15000 MIDLANTIC DR.
SUITE 200
P.O. BOX 5429
MOUNT LAUREL, NJ 08054

    *Counsel for Defendants*

**HILLMAN**, **District Judge**

    This matter comes before the Court upon Defendants Cooper Levenson, April Niedelman & Wagenheim, P.A., Richard Klein, Eric Browndorf, Mark Fiore, and Peter Fu's (collectively "Defendants") Motion to Dismiss. For the reasons below, the Court will deny Defendants' Motion to Dismiss.

1

**BACKGROUND**

The Court takes its brief recitation of the facts from Plaintiff's Complaint. (ECF No. 1 "Compl.".) On July 22, 2013, Plaintiff and her ex-husband, Abraham Korotki, executed a retainer agreement with Defendants, engaging the Defendants to provide legal services to both Plaintiff and her then husband. (Compl. ¶11.) Pursuant to the retainer agreement, Defendants provided legal advice to Plaintiff and her ex-husband in various bankruptcy matters, In Re The Reserves Resort, Spa & Country Club, LLC, Bkrtcy. D. Del., Case No. 12-13316 (KG), and In Re Abraham P. Korotki, Bkrtcy. D. Del., Case No. 12-13317 (KG), (collectively "Bankruptcy Matters") and provided Plaintiff with financial advice. (Id. ¶13.)

At the same time that Defendants represented Plaintiff and unbeknownst to Plaintiff, Defendants drafted documents, which were later filed and used by Plaintiff's ex-husband against Plaintiff in a divorce matter between Plaintiff and her ex-husband, Abraham P. Korotki v. Saleena Korotki, NJ Super, Docket No. ATL-FM-01-510-15V, (the "Divorce Matter"). (Id. ¶16.) Specifically, Defendants prepared several legal documents for Plaintiff to later sign, which included: (1) a mid-marriage agreement; (2) an irrevocable power of attorney; (3) a matrimonial settlement agreement; and (4) a second irrevocable power of attorney (collectively the "Disputed Marital

Documents"). (Id. ¶26.) The Disputed Marital Documents: (1) were adverse to and took away substantial and important legal rights of Plaintiff, and were advantageous to and gave Plaintiff's ex-husband rights to which he should not have been entitled and was not entitled; (2) purportedly divested Plaintiff of any claim to an equitable distribution of marital assets; (3) purportedly divested Plaintiff of any claim for alimony; (4) were signed by Plaintiff, without any explanation and without the entirety of the documents being presented to her (she only was given the signature pages); and (5) were signed by Plaintiff, without Defendants obtaining Plaintiff's informed consent. (Id. ¶42.)

As a result of Defendants' actions and by using the Disputed Marital Documents, Plaintiff's ex-husband took the entirety of the settlement in the Bankruptcy Matters, which consisted of millions of dollars of payments and assets. (Id. ¶47(a).) As a result of Defendants' actions and by using the Disputed Marital Documents, Plaintiff's ex-husband also filed the Divorce Matter against Plaintiff and obtained a Final Judgment of Divorce in the Divorce Matter on March 18, 2015. This occurred without Plaintiff's knowledge and permission and while Defendants were still representing Plaintiff pursuant to the retainer agreement. (Id. ¶¶48-50.) About a year and a half later in August 2017, Plaintiff and her ex-husband ended their

3

relationship and Plaintiff learned for the first time that Defendants prepared the Disputed Marital Documents and had her sign them so that Plaintiff's ex-husband could obtain a divorce from Plaintiff and take control over Plaintiff's marital and other assets. (Id. ¶53.) On October 27, 2017, Plaintiff filed a Motion to Vacate the Final Judgment of Divorce and contested the validity of the Disputed Marital Documents in the Divorce Matter. (Id. ¶54.) Such filings are currently pending in the Divorce Matter. (Id. ¶55.)

As a result of the foregoing, Plaintiff filed her Complaint asserting the following causes of action: (1) Count One – Professional Negligence (Legal Malpractice); (2) Count Two – Legal Malpractice; (3) Count Three – Legal Malpractice; (4) Count Four – Negligent Supervision/Respondeat Superior; (5) Count Five – Breach of Fiduciary Duty; and (6) Count Six – Breach of Contract.

## DISCUSSION

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

### B. Legal Standard

Although Defendants filed their motion pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss based on "[a] ripeness challenge . . . is properly analyzed under Fed. R. Civ. P.

12(b)(1)." Johnson & Towers, Inc. v. Op. Corporate Synergies Grp., LLC, No. 14-5528, 2015 U.S. Dist. LEXIS 81619, at *10 (D.N.J. June 23, 2015)(citing Kushi v. Romberger, 543 F. App'x 197, 199 (3d Cir. 2013); A.D. v. Haddon Heights Bd. of Educ., 90 F. Supp. 3d 326, 334 (D.N.J. Mar. 2, 2015)). In deciding a Rule 12(b)(1) motion, "a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed." Leadbeater v. JPMorgan Chase, N.A., No. 16-7655, 2017 U.S. Dist. LEXIS 175547, at *5 (D.N.J. Oct. 24, 2017). "The Court may consider evidence outside of the pleadings when ripeness arguments present factual challenges to subject matter jurisdiction." Johnson & Towers, Inc., 2015 U.S. Dist. LEXIS 81619, *10 (citing A.D., 90 F. Supp. 3d at 334). "When a party moves to dismiss prior to answering the complaint . . . the motion is generally considered a facial attack." Leadbeater, 2017 U.S. Dist. LEXIS 175547, at *5. In reviewing a facial attack, the Court should consider only the allegations in the complaint, along with documents referenced therein and attached thereto, in the light most favorable to the nonmoving party. See Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).

This Court will assess Defendants' Motion to Dismiss, a facial motion, much like a 12(b)(6) motion, and accept all allegations in the Complaint as true. Leadbeater, 2017 U.S.

5

Dist. LEXIS 175547, at *5.

   C.  **Analysis**

   a. **Whether the Court may Consider Pleadings filed from Other Venues**

In support of their argument that Plaintiff's claims are not ripe for adjudication, Defendants direct this Court's attention to (1) Plaintiff's Motion to Vacate the Final Judgment of Divorce and filings contesting the validity of the Disputed Marital Documents in the Divorce Matter; and (2) pleadings filed in state court in the <u>Abraham P. Korotki v. Richard C. Klein, Eric A. Browndorf, Esq.; Erin K. Brignola, Esq., Mark A. Fiore, Esq.; Peter Y. Fu, Esq.; Robert E. Salad, Esq.; Steven J. Sherman, Esq.; Jeffrey N. Medio, Esq. Cooper, Levenson, April, Niedelman & Wagenheim, P.A</u> matter, docketed as ATL-L-02858-19. Plaintiff argues on a motion to dismiss this Court cannot consider these filings without converting Defendants' Motion into a motion for summary judgment.

Plaintiff's argument is based on Federal Rule of Civil Procedure 12(d) which provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

<u>Id</u>.

6

Although Plaintiff's citation is a correct rule of law, she ignores the additional well-established rule of law that on a motion to dismiss this Court may consider matters of public record. Wishnia v. U.S. Bank N.A., No. 20-7898, 2021 U.S. Dist. LEXIS 44736, at *9 n.7 (D.N.J. Mar. 10, 2021) (citing In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Overseas Lease Grp. v. Plocher Constr. Co., 800 Fed. App'x 79, 81 n.7 (3d Cir. 2020)) (citations omitted) ("In assessing this sufficiency of the pleadings, this Court may consider additional 'integral' items beyond the four corners of the Complaint without converting this motion to dismiss into one for summary judgment. These items include matters of public record, indisputably authentic documents, and court orders.")).

This Court may take judicial notice of the state filings because they are matters of public record. When considering a motion to dismiss, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Even in a Rule 12(b)(6) posture, where the Court is limited to the

7

allegations plead on the face of the complaint, a court may consider judicially noticeable facts without converting a motion to dismiss into a motion for summary judgment. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007) (noting courts "ordinarily examine ... matters of which [they] may take judicial notice" when ruling on Rule 12(b)(6) motions to dismiss); Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999) (holding that a court may consider "matters of public record" on a motion to dismiss without converting the motion to one for summary judgment).

It follows that a court may take judicial notice of the existence of another court's opinion. See Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (A court may take judicial notice of another court's opinions "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."). "Likewise, a court may take judicial notice of the record from a previous court proceeding between the parties." Jonas v. Gold, No. 13-2949, 2014 U.S. Dist. LEXIS 138472, at *17 (D.N.J. Sept. 30, 2014) (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988)); see also Holmes v. Christie, No. 16-1434, 2018 U.S. Dist. LEXIS 209162, at *2 n.1 (D.N.J. Dec. 12, 2018) (quoting Johnson v. Pugh, No. 11-0385,

8

2013 U.S. Dist. LEXIS 85699, at *6 (E.D.N.Y. June 18, 2013) ("A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudication, on a motion to pursuant to Rule 12(b)(6)."); Unitrin Auto & Home Ins. Co. v. Clayton Corp., No. 15-02079, 2016 U.S. Dist. LEXIS 193420, at *1 n.1 (M.D. Pa. Apr. 20, 2016)(citing O'Boyle v. Braverman, 337 Fed. App'x 162, 164-65 (3d Cir. 2009); Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000) ("This Court, however, may consider the state court case, despite being 'outside the pleadings,' without triggering the requirement of Rule 12(d). As a public record, whose authenticity is not in dispute, we may take judicial notice of the state court complaint.")).

Moreover, given that the filings submitted by Plaintiff in the Divorce Matter are averments that she herself prepared and submitted to a court, the filings "can be accurately and readily determined from sources whose accuracy cannot reasonably by questioned." Fed. R. Evid. 201(b). In addition, Plaintiff does not dispute the authenticity of the state court filings attached to Defendants' Motion to Dismiss from the Korotki v. Klein matter in state court. Accordingly, for the foregoing reasons, this Court may take judicial notice of the state court filings, not for the truth of the facts recited therein, but for the existence of the state court filings. Radcliff v. Radcliff, No.

9

20-3669, 2020 U.S. Dist. LEXIS 227885, at *11 (D.N.J. Dec. 4, 2020)(concluding the Court may take judicial notice of the state court filings, "not for the truth of the facts recited therein, but for the existence of the" filings).

### b. Whether Plaintiff's Claims are Ripe

The Court next addresses whether Plaintiff's claims are ripe for consideration. This inquiry considers whether the "conflicting contentions of the parties ... present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945). "The function of the ripeness doctrine is to determine whether a party has brought an action prematurely, and counsels' abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." Peachlum v. City of York, Pennsylvania, 333 F.3d 429, 433 (3d Cir. 2003) (citations omitted). "The function of the ripeness doctrine is to prevent federal courts, 'through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" Johnson & Towers, Inc., 2015 U.S. Dist. LEXIS 81619, at *10 (quoting Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, AFL-CIO v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998)). "A claim is not ripe for adjudication if it rests upon contingent future events that may

not occur as anticipated, or indeed may not occur at all."
Texas v. United State, 523 U.S. 296, 300 (1998) (internal citations omitted).

Here, Defendants assert that this matter is not ripe for review because Plaintiff's Motion to Vacate the Final Divorce Decree and challenges to the Disputed Matrimonial Documents are still pending before the state court and as a result, Plaintiff does not have damages to sustain her Complaint. Defendants argue that as of the filing of Plaintiff's Complaint and the filing of their motion to dismiss, the Disputed Marital Documents are still valid and enforceable and thus Plaintiff's claims against Defendants are not ripe. Plaintiff responds that Defendants' arguments are meritless. First, Plaintiff highlights that under New Jersey law, Plaintiff's legal malpractice claims "accrue[] when an attorney's breach of professional duty approximately causes a plaintiff's damages." (ECF No. 11 at 8 (quoting Grunwald v. Bronkesh, 131 N.J. 483, 492 (1993)). Second, Plaintiff argues legal malpractice claims are ripe even if the full extent of damages is unknown and that Plaintiff has already sustained damages to support her claims. This Court agrees with Plaintiff.

A plaintiff asserting a legal malpractice claim has to prove that he suffered actual damages, which are "real and

11

substantial as opposed to speculative."[1]  <u>Grunwald v. Bronkesh</u>, 131 N.J. 483, 495 (1993).  For example, "a client may suffer damages, in the form of attorney's fees, before a court has announced its decision in [an] underlying action." <u>Id.</u> (citing <u>Knight v. Furlow</u>, 553 A.2d 1232, 1234 (D.C. App. 1989)(holding that "attorney's fees and costs expended as a result of an attorney's alleged malpractice constitute legally cognizable damages for purposes of stating a claim for such malpractice"); <u>Mant v. Gillespie</u>, 189 N.J. Super. 368, 372 (App. Div. 1983) (finding legally-cognizable damages could consist of attorney's fees)).  "An attorney is only responsible for a client's loss if that loss is proximately caused by the attorney's legal malpractice."  <u>2175 Lemoine Ave. Corp. v. Finco, Inc.</u>, 272 N.J. Super. 478, 487 (App. Div. 1994).  Therefore, the client bears the burden of showing "what injuries were suffered as a proximate consequence of the attorney's breach of duty." <u>Id.</u> at 488.  Ordinarily, the measure of damages is what result the client would have obtained in the absence of attorney negligence. <u>Id.</u>

---

[1] Defendants' Motion to Dismiss almost exclusively focuses on the law surrounding Plaintiff's legal malpractice claims. Defendants' Motion to Dismiss fails to also provide analysis for why Plaintiff's additional claims are not ripe because of Plaintiff's pending filings in the Divorce Matter.  Accordingly, the Court's analysis exclusively addresses the law surrounding Plaintiff's legal malpractice claims, which are the focus of both parties' briefing.

Relevant to this matter, "[i]t is not necessary that all or even the greater part of the damages have to occur before the cause of action arises." Grunwald, 131 N.J. at 495 (quoting United States v. Gutterman, 701 F.2d 104, 106 (9th Cir.1983)); see also Rosenbaum v. McCarthy & Schatzman, No. A-3418-15T4, 2017 N.J. Super. Unpub. LEXIS 1012, at *11-12 (App. Div. Apr. 26, 2017) (quoting Vision Mortg. Corp. v. Patricia J. Chiapperini, Inc., 156 N.J. 580, 586 (1999) ("[U]ncertainty as to the amount of damages 'does not delay accrual. 'It is not necessary that all or even the greater part of the damages have to occur before the cause of action arises.'")); Happy Days Adult Healthcare, LLC V. OberMayer Rebmann Maxwell & Hippel, LLP, No. A-0501-15T1, 2017 N.J. Super. Unpub. LEXIS 1562, at *9 (App. Div. June 26, 2017).

Here, Plaintiff has sufficiently alleged she has already sustained damages and that her claims are not solely dependent on the resolution of the outstanding filings in the Divorce Matter. Instead, a successful challenge in the Divorce Matter would only potentially increase her damages. These damages include: (1) the legal fees Plaintiff has incurred contesting the Disputed Marital Documents that Defendants drafted for Plaintiff's ex-husband to use against her in Divorce Matter and Bankruptcy Matters; (2) the share of settlement proceeds that Plaintiff's ex-husband received in the Bankruptcy Matters as a

13

result of the Disputed Marital Documents; and (3) the loss of Plaintiff's right to obtain alimony and support from her ex-husband and her lost share of marital assets as a result of the Disputed Marital Documents. (Compl. ¶¶23, 42-43, 47, 53, 64.) Plaintiff is correct when she states "Plaintiff does not have to know the *full* extent of [her] damages or wait the conclusion of the Divorce Case before being able to file this Complaint . . . so long as damages have already begun to be incurred." (ECF No. 11 at 10-11.)

Under New Jersey law uncertainty as to the exact amount of damages does not mean a malpractice claim is not ripe for review. See Happy Days, 2017 WL 2730242 at *3; see also Rosenbaum, 2017 N.J. Super. Unpub. LEXIS 1012, at *11-12 (citing Vision Mortg. Corp., 156 N.J. 586 (quoting Grunwald, 131 N.J. at 495) ("[U]ncertainty as to the amount of damages 'does not delay accrual. 'It is not necessary that all or even the greater part of the damages have to occur before the cause of action arises.'")). For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss.[2]

---

[2] The Court highlights that its conclusion is consistent with a New Jersey Superior Court's decision to deny Defendants' Motion for Judgment on the Pleadings, which presented nearly identical arguments as those advanced in Defendants' Motion to Dismiss, in a related matter between Plaintiff's ex-husband and Defendants. (ECF Nos. 10-4 & 10-5).

## **CONCLUSION**

For the reasons stated above, the Court will deny Defendants' Motion to Dismiss.

An appropriate Order will be entered.

Date: June 28, 2021                        s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.